UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

RUDY MENA,

Defendant.

**OPINION & ORDER**

16 Cr. 850 (ER)

RAMOS, D.J.:

Rudy Mena is currently serving a 180-month sentence at FCI Williamsburg, a medium security prison in South Carolina. Before the Court is his *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. 75. For the reasons set forth below, Mena's motion is DENIED.

## I. BACKGROUND

### A. Prior Proceedings

On January 25, 2018, Mena plead guilty to an Information charging him with one count of coercion and enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. §§ 2422(b) and 2, and one count of receipt and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B). Doc. 51. The charges arose from Mena's communication with an undercover FBI investigator, in which Mena sent sexually explicit photographs of children, as well as from Mena's exchange of illicit images of children with his codefendant, Steven Masiello. *See* Doc. 77, Gov. Opp., at 1–3. The Court sentenced him to 180 months of imprisonment on both counts, to run concurrently. Doc. 68.

### B. Mena's Motion

Mena first submitted a *pro se* application for compassionate release to the BOP on October 26, 2020, based on his purported susceptibility to complications if he were to contract COVID-19. Doc. 75. In his application, he argued that he suffered from "sleep apnea, anxiety, shortness of breath, hyperventilation, and a low immune system." *Id.* at 3. He also noted that he was previously a pack-a-day smoker. *Id.* He argued that FCI Williamsburg did not adequately protect inmates from the spread of COVID-19, and that it did not provide adequate medical care. *Id.* Mena also argued that, if granted compassionate release, he would work as a home health aide to his grandmother in the Bronx. *Id.*

The BOP denied Mena's request on November 23, 2020. *Id.* at 4. In a letter dated December 27, 2020, Mena appealed the denial of his request to this Court. *Id.* at 1. The Government submitted a brief in response on June 8, 2021. Doc. 77.

## II. LEGAL STANDARD

### A. 18 U.S.C. § 3582

Although a court may not normally "modify a term of imprisonment once it has been imposed," there are certain limited exceptions, including "compassionate release." *See United States v. Roberts*, No. 18 Cr. 528 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020) (internal quotation marks and citation omitted). Under 18 U.S.C. § 3582, a court may reduce a prisoner's sentence when it finds that there are "extraordinary and compelling reasons" that warrant such a reduction, but one of two conditions must first occur: Either the BOP Director may move the court to release the prisoner; or, alternatively, the prisoner himself may move the court, but only after he has fully exhausted all administrative rights. *See* 18 U.S.C. § 3582(c)(1)(A).

Prior to the First Step Act, sole authority rested with the BOP to determine what reasons, for purposes of compassionate release, are "extraordinary and compelling." *See* U.S.S.G. § 1B1.13 ("BOP Policy Statement"), Application Note 1(D). The BOP Policy Statement includes as an "extraordinary and compelling reason" the existence of "a serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. 1(A)(ii)(I). It also permits the Court to consider whether the incarcerated person "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at § 1B1.13(2). The First Step Act has also "freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions or compassionate release." *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

If the sentencing court finds that "extraordinary and compelling reasons" exist, it "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in Section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed, and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

### III.  DISCUSSION

#### A.  **Extraordinary and Compelling Reasons**

Mena's motion lists several reasons why he believes he is at a heightened risk of serious complications from COVID-19. However, these do not establish "extraordinary and

3

compelling" reasons for release. First, with the exception of "low immune system," the medical conditions Mena lists do not appear on the CDC's most recent guidance regarding conditions that "can make [one] more likely to get seriously ill from COVID-19." Doc. 77 at 7–8; *see also* Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 23, 2021). Courts in this district have repeatedly denied motions for compassionate release that are based only on a risk of contracting COVID-19, without accompanying conditions that make severe illness more likely. *See, e.g.*, *United States v. Haney*, 454 F. Supp. 3d 316, 322–23 (S.D.N.Y. 2020) (denying compassionate release to 61-year old individual who did not suffer from deleterious health conditions that made him particularly vulnerable to COVID-19); *United States v. Walden*, No. 96 Cr. 962 (LAK), 2020 WL 7870670, at *2–4 (S.D.N.Y. Dec. 31, 2020) (denying compassionate release to individual whose documented health conditions "[did] not pose significant risks with respect to COVID-19.").

Second, Mena's reference to a "low immune system" is not supported by any documentation of an immunocompromising condition. As the moving party, Mena has the burden to show that he is entitled to compassionate release. *See United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020) (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)). Here, Mena cites to no records corroborating his list of conditions. Moreover, the Government has submitted his BOP medical records dating back to 2016. *See* Ex. A (filed under seal). These also do not reference any immunocompromising condition. Thus, while an immunocompromising condition might constitute an "extraordinary and compelling" circumstance in light of the COVID-19 pandemic, Mena has not met his burden to show that he suffers from such a condition.

4

Finally, the Court acknowledges that CDC guidance provides that being a former smoker "can make [one] more likely to get severely ill from COVID-19." *See* Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 23, 2021). Mena's status as a former smoker is documented in his medical records. *See* Ex. A at 97. However, in circumstances similar to this (i.e., when the applicant is young and their facility's COVID infection rate is low), at least one court in this District has declined to find that being a former smoker constitutes an extraordinary and compelling reason for release. *See United States v. Batista*, No. 18 Cr. 319 (LTS), 2020 WL 6132239, at *4 (S.D.N.Y. Oct. 19, 2020) (finding that 28-year old applicant with high BMI who was a former smoker did not merit compassionate release, citing her youth and the facility's success in curbing the spread of COVID-19); *see also United States v. Ahmed*, No. 16 Cr. 826 (LTS), 2021 WL 797673, at *3 (S.D.N.Y. Mar. 1, 2021) (collecting cases in which compassionate release applications were denied due to defendants' youth). The same factors counsel against release here: Mena is also 28-years old, and as of June 23, 2021, there were only three confirmed positive cases among inmates at FCI Williamsburg. *See* COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 23, 2021).

The Government also notes that Mena has been fully vaccinated against COVID-19. Doc. 77 at 9. Access to an approved COVID-19 vaccine generally counsels against compassionate release based on COVID risk, due to the strong evidence of the effectiveness of each of the vaccines. *See, e.g.*, *United States v. Kosic*, 18 Cr. 30 (PAC), 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021) (noting that vaccination can mitigate an inmate's heightened risk from COVID-19 such that it is no longer extraordinary and compelling). While "[n]o data are

5

available to establish COVID-19 vaccine . . . efficacy in [immunocompromised] groups," Mena has provided no evidence that he suffers from such a condition. *See* COVID-19 Vaccines, CDC, https://www.cdc.gov/vaccines/covid-19/clinical-considerations/covid-19-vaccines-us.html (last visited June 23, 2021). Accordingly, this factor also weighs against compassionate release.[1]

### B. The Remaining Section 3553 Factors

Additional factors under 18 U.S.C. § 3553(a) also counsel against release at this time, even if extraordinary and compelling reasons were shown. The Court granted Mena a downward variance from a guidelines range of life imprisonment, and sentenced him to the mandatory minimum of 180 months. Doc. 77 at 13–14. At this time, Mena has served less than one-third of that sentence. Release at this relatively early stage would not reflect the seriousness of the charges to which Mena pleaded. *Id.* at 14. Moreover, while Mena's application lists the contact information of several friends and family members and describes his anticipated post-release plans, he has not shown any reason that the sentence imposed by the Court is no longer sound, nor has he provided evidence of rehabilitation efforts such as participation in BOP programming.

## IV. CONCLUSION

For the reasons discussed, Mena's motion for compassionate release is DENIED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 75, and mail a copy of this order to Mena.

---

[1] The BOP's efforts to vaccinate inmates also undermines Mena's contention that the BOP is unable to control the spread of COVID-19 at FCI Williamsburg. *See* Doc. 75 at 3. As of June 23, 2021, BOP data showed that 860 inmates at FCI Williamsburg had been fully vaccinated. *See* COVID-19 Vaccine Implementation, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 23, 2021).

It is SO ORDERED.

Dated:  June 23, 2021.
        New York, New York

_____
EDGARDO RAMOS, U.S.D.J.